**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NADINE SPENGLER,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-12038

Judge Charles P. Kocoras

Magistrate Judge Jeannice W. Appenteng

**DECLARATION OF NADINE SPENGLER**

I, NADINE SPENGLER, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am the artist that created the Nadine Spengler Work. I make this declaration from matters within my knowledge save where otherwise stated.

3. I am a freelance artist, focusing on illustration, animation, and character design. Inspired by nature and fantasy worlds, my artwork often features detailed, colorful environments and imaginative creatures. I have been creating art since childhood and began working professionally in 2017. Over the years I have freelanced for a number of private and corporate clients, creating art and designs for asset productions, logos, merchandise, and book illustrations, and I have worked for a number of gaming companies, focusing on concept art and game design.

4. I am the official source of products associated with the Nadine Spengler Work (the "Nadine Spengler Products"):




https://www.deviantart.com/gaia-4rts/art/Manipulator-of-Black-Holes-620626720

5. I am the owner of the copyright registration for the Nadine Spengler copyrighted work, which is protected by United States Copyright Registration No. VA 2-467-481 (the "Nadine Spengler Work"). A true and correct copy of the copyright registration for the Nadine Spengler Work is attached hereto as **Exhibit 1**.

6. I control the quality of all materials and content that feature the distinctive Nadine Spengler Work.

7. Substantial time, money, and other resources have been expended in developing, advertising, licensing, and otherwise promoting the Nadine Spengler Work. As a result, the

image is widely recognized and exclusively associated by consumers, the public, and the trade with my name.

8. The success of the Nadine Spengler Work has resulted in significant infringement of my copyright. Consequently, an anti-pirating program has been implemented to investigate suspicious websites and online marketplace listings identified in proactive internet sweeps. Various marketplace listings have been identified on multiple platforms, including the internet stores identified in Schedule A attached to the Complaint ("Defendant Internet Stores"), which were offering for sale, selling, and importing unauthorized versions of the Nadine Spengler Work to consumers in this judicial district and throughout the United States.

9. I am aware of investigations related to internet-based infringement of the Nadine Spengler Work. The investigations show that Defendants are using the Defendant Internet Stores to sell infringing Nadine Spengler Products from foreign countries such as China to consumers in the United States. I, or someone working under my direction, analyzed the Defendant Internet Stores and determined that infringing Nadine Spengler Products were being offered for sale to the United States, including Illinois. The Defendants and their websites do not conduct business with me and do not have the right or authority to use the copyright for any reason. True and correct copies of screenshot printouts showing the active Defendant Internet Stores reviewed are attached as **Exhibit 2**.

10. Monetary damages alone cannot adequately compensate me for the ongoing infringement because monetary damages fail to address the loss of control of and damage to my reputation, goodwill, and control over the nature of the derivative works made using my copyrighted material. Furthermore, monetary damages are difficult, if not impossible,

to completely ascertain due to the inability to fully quantify the monetary damage caused to my reputation and goodwill by acts of infringement.

11. My goodwill and reputation are irreparably damaged when the Nadine Spengler Work is used on unauthorized goods. I am further irreparably harmed by the unauthorized use of the Nadine Spengler copyrighted material because infringers take away my ability to control the nature and quality of products bearing the Nadine Spengler Work and derivative works.

12. I am further irreparably damaged due to a loss of exclusivity. The copyright rights in the Nadine Spengler Work are meant to be exclusive rights.

13. The marketing and distribution of the Nadine Spengler Work and derivative works are aimed at growing and sustaining sales. When infringers use the Nadine Spengler Work without authorization, the exclusivity associated with the Nadine Spengler Work, as well as my reputation, is damaged and eroded, resulting in a loss of unquantifiable future sales.

14. Uncontrolled profiteering and pirating of the Nadine Spengler Work create the impression that the copyright rights associated with the Nadine Spengler Work may be infringed with impunity. The Nadine Spengler Work is distinctive and signifies to consumers that the products are authorized by me and are manufactured to my high-quality standards. When infringers use the Nadine Spengler Work on goods without authorization, the exclusivity of my products and reputation are damaged and eroded, resulting in a loss of unquantifiable future sales. The devaluing of the intellectual property associated with the Nadine Spengler Work cannot be compensated for financially since it erodes my ability to monetize the Nadine Spengler Work.

15. I will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 1, 2026.

Nadine Spengler

Nadine Spengler